UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
 JUDGE

### LETTER OPINION

August 24, 2009

Aytan Yehoshua Bellin
Bellin & Associates
85 Miles Avenue
White Plains, NY 10606
*Attorneys for Plaintiff*

Louis A. Bove
Jay M. Green
Bodell, Bove, Grace & Van Horn, P.C.
30 South 15th Street, 6th Floor
Philadelphia, PA 19102

Kristin Hitsous
Rosabianca & Associates PLLC
14 Wall Street, 20th Floor
New York, NY 10005
*Attorneys for Defendant*

   Re: *Goodrich Management Corp. v. Afgo Mechanical Services, Inc.*
      Civil Action No. 09-00043 (WJM)

Dear Litigants:

  This matter comes before the Court on a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure by Defendant Afgo

1

Mechanical Services, Inc. ("Afgo").  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons stated below, Defendant's Motion to Dismiss is GRANTED.  Further, the request by Plaintiff Goodrich Management Corp. ("Goodrich") for class action certification pursuant to Federal Rule of Civil Procedure 23 is DENIED.

## BACKGROUND

Plaintiff is a New Jersey corporation with its principal place of business in Englewood Cliffs, New Jersey.  Defendant is a New York corporation with its principal place of business in Long Island City, NY.  Defendant is in the business of installing and repairing commercial air conditioning, refrigeration, heating, and ventilation systems.

Plaintiff brings this action against Defendant for statutory damages and injunctive relief under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C § 227.  The TCPA is a statutory scheme concerned with nuisance telemarketing that provides for a private right of action, actual damages or a recovery in the amount of $500 per violation, and treble damages upon a showing that the violation was wilful or knowing. 47 U.S.C. § 227(b)(3).

Plaintiff alleges that on October 17, 2007 and December 23, 2008, it received unsolicited commercial advertisements from Defendant via facsimile machine (the "fax advertisements").  The fax advertisements promoted Defendant's products and services.  Plaintiff contends that these advertisements were sent without its express invitation or permission, and that it did not have a prior business relationship with Defendant.  Plaintiff further alleges that the advertisements did not contain the disclosure notices mandated by 47 C.F.R. §§ 227(b)(2)(D) or 64.1200(a)(3)(iii).  Additionally, Plaintiff claims that Defendant sent the fax advertisements wilfully and knowingly and has, over the past four years, sent more than 10,000 similar fax advertisements to recipients across the United States, in violation of the TCPA.

Plaintiff seeks to certify the case as a class action under Fed. R. Civ. P. 23 for itself and all other persons to whom Defendant sent unsolicited faxes in violation of the TCPA.  Plaintiff has described three classes of individuals that would be represented by the class action as follows:

> **Class A**: all persons in the United States to whom, January 5, 2005 through July 8, 2005, Defendant sent or caused to be sent a fax advertisement without the person's express invitation or permission.
> **Class B**: all persons from July 9, 2005 through July 30, 2006 to whom Defendant sent or caused to be sent a fax advertisement which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D) without the person's express invitation or permission.
> **Class C**: all persons from August 1, 2006 through the present, to whom Defendant sent or caused to be sent a fax advertisement which did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii).

2

Plaintiff asserts that its claims are typical of all three classes. Plaintiff's individual damages amount to $3000 maximum, but Plaintiff alleges that if a class action were certified, aggregate damages to the entire class would total over $5,000,000. In addition to treble damages, Plaintiff seeks an injunction preventing Defendant from committing further violations of the TCPA.

## ANALYSIS

**A.  Standard of Review**

    1.  Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant To Fed. R. Civ. P. 12(b)(1)

A federal district court is only authorized to adjudicate cases over which it has subject matter jurisdiction. *Brown v. Francis,* 75 F.3d 860, 866 (3d Cir. 1996). Indeed, even after a court has proceeded completely through a case to a final judgment, if the court lacked subject matter jurisdiction, the judgment must be vacated. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76–77 (1996) ("[I]f, at the end of the day and case, a *jurisdictional* defect remains uncured, the judgment must be vacated."). A court without subject matter jurisdiction has no choice but to decline to entertain the suit. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).

In deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction over the complaint, "the Court is free to weigh the evidence and satisfy itself whether it has the power to hear the case." *Mortensen v. First Federal Sav. and Loan Ass'n.,* 549 F.2d 884, 891 (3d Cir.1977). As such, "no presumption of truthfulness attaches to the allegations in the complaint," and the court can consider materials beyond the pleadings as long as they are properly before the court. *Continental Ins. Co. of N.J. v.. U.S.,* 335 F.Supp.2d 532, 535 (D.N.J. 2004) (citing *Anjelino v. New York Times Co.,* 200 F.3d 73, 87 (3d Cir.1999)). The plaintiff has the burden to prove that the court has subject matter jurisdiction. *Med. Soc'y of N.J v. Herr,* 191 F.Supp.2d 574, 578 (D.N.J. 2002) (citing *Gould Electronics Inc. v. U.S.,* 220 F.3d 169 (3d Cir. 2000)).

    2.  Motion to Dismiss for Failure to State a Claim for Which Relief Can be Granted Pursuant to Fed. R. Civ. P. 12(b)(6).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Further, when considering a 12(b)(6) motion to dismiss, a court may take into account only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although a complaint does not need to contain detailed factual allegations, "the 'grounds' of [the plaintiff's] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level. *See id*. at 1964-65. Furthermore, although a court must view the allegations as true in a motion to dismiss, it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F. 3d 187, 211 (3d Cir. 2007).

**B.      The Telephone Consumer Protection Act of 1991**

The TCPA provides in pertinent part that "it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States    to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C § 227(b)(1)(c). An exception is made if a prior business relationship exists between the parties, and if the advertisement contains a notice informing the recipient of the ability and means to avoid future unsolicited advertisements. 47 U.S.C § 227(b)(1)(c)(i); (iii).

Plaintiff alleges that the fax advertisements it received from Defendant were unsolicited, did not contain a proper disclosure notice, and were not the product of a pre-existing business relationship. Defendant does not refute these facts at this juncture but instead argues in its motion to dismiss that Plaintiff cannot bring this action in federal court because subject matter jurisdiction is lacking. More specifically, Defendant argues that a) claims arising out of the TCPA are not supported by federal question jurisdiction, and b) there is no diversity jurisdiction in this case, because Plaintiff fails to meet the amount in controversy requirement as an individual and the case does not meet the requirements for certification as a class action.

**C.      Federal Question Jurisdiction Pursuant to the TCPA**

Plaintiff asserts that this Court has federal question jurisdiction over its complaint pursuant to 28 U.S.C. § 1331, the statute providing that district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, Defendant argues that the plain language of the TCPA authorizes state court actions only and therefore the statute does not give rise to federal question jurisdiction.

The TCPA provides in pertinent part that a "person or entity may, if otherwise permitted by the laws or rule of court of a State, bring [an action] in an appropriate court of that State." 47 U.S.C § 227(b)(3). The Third Circuit has routinely interpreted this provision to mean that the statute does not give rise to federal question jurisdiction. *See ErieNet v. Velocity Net*, 156 F.3d 513, 519 (3d Cir. 1998) (finding that "because the TCPA reflects Congress's intent to authorize consumer suits in state courts only," a party bringing a claim pursuant to the TCPA "cannot rely on the general federal question jurisdiction of § 1331."). Indeed, when faced with this same issue in *Margolis v. Resort Rental, LLC*, this Court cited to Third Circuit precedent and held that "because the TCPA allows for private enforcement suits to be brought 'if permitted by the law or rules of a State… in an appropriate court of that State,' 47 U.S.C. 227(b)(3), suits brought under the TCPA cannot be filed in or removed to federal court based on federal question jurisdiction." 2008 WL 2775494 (D.N.J.). Clearly, Plaintiff cannot bring a TCPA claim pursuant to federal question jurisdiction in this Court.

**D.     Diversity Jurisdiction**

Although the TCPA does not give rise to federal question jurisdiction, this does not preclude a finding of diversity jurisdiction if the appropriate requirements are met. According to 28 U.S.C. § 1332, district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different States." 28 U.S.C. § 1332(a)(1). The statute also grants district courts jurisdiction over class action litigation in which the aggregate amount in controversy exceeds $5,000,000 and any one plaintiff is diverse from any one defendant. 28 U.S.C. § 1332(d)(2).

Here, it is undisputed that Plaintiff and Defendant are geographically diverse for the purposes of either 1332(a) or 1332(d). However, Plaintiff's individual damages only amount to $3,000, which is far below § 1332(a)'s monetary threshold for an individual action. Therefore, Plaintiff cannot satisfy the amount in controversy for diversity jurisdiction unless the case is certified as a class action. Plaintiff alleges that if a class is certified, aggregate damages will exceed $5,000,000.

Defendant argues that it is not possible for Plaintiff to rely on aggregate damages to meet § 1332(d)(2)'s amount in controversy requirement because a) this specific TCPA claim does not satisfy the requirements for class certification under Fed. R. Civ. P. 23, and b) TCPA claims cannot be certified as class actions in general. To determine whether there is diversity jurisdiction for Plaintiff's claim, it is necessary to consider Plaintiff's request for class certification.

Fed. R. Civ. P. 23 establishes the criteria for class certification. Rule 23 is divided into subsections (a) and (b). The requirements of both subsections must be met. According to Rule 23(a),

5

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition, under Rule 23(b), a party seeking class certification must also establish that:

> (1) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Here, Plaintiff cannot satisfy the requirements of Fed. R. Civ. P. 23. With respect to Rule 23(a), Plaintiff needs to satisfy all four subparts. However, even with additional discovery, Plaintiff would not be able to demonstrate that its TCPA claim is typical of the claims of the entire class as required by 23(a)(3). There are too many crucial factual determinations to be made with respect to claims and defenses that will vary from party to party. Most notably among these are consent to receive faxes and the existence of a prior business relationship with Defendant.

More significantly, Plaintiff cannot satisfy any of the Rule 23(b) requirements. Discovery would do nothing to change this. Regarding 23(b)(1), because the claims of all potential plaintiffs are factually distinct and dependant, there is no risk of inconsistent adjudications. Each plaintiff could bring its own individual claim in state court and a separate determination would result for each action. Any differences in outcomes would be the result of the factual differences underlying the different claims. Defendant would not be required to face incompatible standards . Additionally, again because each plaintiff has a factually independent and distinct case, results reached in individual cases

would not affect the claims of other plaintiffs.

With respect to 23(b)(2), there have been no allegations that Defendant has acted or refused to act on grounds that apply generally to the class such that injunctive relief with respect to the class as a whole is warranted. Again, each potential plaintiff can bring its individual claim in state court, as it sees fit.

Turning to 23(b)(3), this is the only requirement that Plaintiff even alleges is satisfied here. 23(b)(3) requires that questions of law or fact common to the entire class predominate over issues specific to individual plaintiffs. The provision also requires that the court find a class action to be superior to other methods of adjudication with respect to fairness and efficiency. Plaintiff cannot satisfy either of these subsections.

For the reasons stated above in the analysis of Rule 23(a), there are numerous issues of law and fact that pertain only to individual plaintiffs and not to the class as a whole. Moreover, this Court finds that a class action is not a superior means of adjudicating this controversy. In general, class actions are useful in circumstances in which the damages suffered by any one person are not significant enough to offset legal fees and motivate the individual to file a claim. Class actions allow damages to be aggregated and legal fees to be split.

Here, Congress has already considered these obstacles to individual actions and drafted the TCPA accordingly. Although the actual out-of-pocket monetary loss to the recipient of an unwanted fax advertisement is slight, only the cost of a few sheets of paper and ink, the TCPA provides for a recovery of $500 per violation or $1500 if the conduct was wilful or knowing. Therefore, the TCPA contains a punitive element to deter such conduct and motivate private lawsuits. Moreover, the statute allows individual plaintiffs to bring their actions in small claims court without the need to hire and pay for an attorney. The TCPA's design means that a class action would not be a superior means of adjudicating this controversy, because individual plaintiffs already receive many of the benefits usually associated with class action litigation.

Furthermore, a class action would in fact be an inferior means of adjudicating this controversy. An individual plaintiff who files a TCPA action in small claims court can typically receive damages quickly and without incurring legal fees. A class action, on the other hand, is likely to lead to protracted litigation and significant legal fees that would reduce recoveries.

Defendant also argues that a TCPA claim can never be certified as a class action in New Jersey. New Jersey law would govern the substantive aspects of this case if it were brought under diversity jurisdiction. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see also Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (finding that "under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law). Defendant supports this position by contending that New Jersey courts have routinely refused to certify claims brought under the TCPA as class

actions, because doing so would contravene the congressional intent underlying the statute. Because the Court has already found that this particular case cannot be certified as a class action, there is no need to determine whether TCPA claims can ever be brought as class actions. However, it is worth noting that many of the reasons why this particular case does not satisfy Rule 23, including the fact that a class action is not a superior way to resolve the claim, are the same reasons that Defendant puts forth to demonstrate that TCPA claims can never be certified as class actions.

Because this case cannot be certified as a class action, it lacks diversity jurisdiction. Federal question jurisdiction is also lacking. Because Plaintiff bears the burden of demonstrating subject matter jurisdiction and has not, these claims cannot survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) or Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons stated above, Plaintiff's request for class action certification is **DENIED.** Without class action certification, there is no subject matter jurisdiction, and without subject matter jurisdiction, the Court is not authorized to adjudicate this action. Therefore Defendant's Motion to Dismiss is **GRANTED** with prejudice. An appropriate order follows.

      /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**