UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

HON. WILLIAM J. MARTINI
CONSOLIDATED OPINION

| | |
|---|---|
| GOODRICH MANAGEMENT CORP., on behalf of itself and all others similarly situated,<br><br>          Plaintiff,<br>     v.<br><br>AFGO MECHANICAL SERVICES, INC.,<br>          Defendant. | Civ. No. 09-43 (WJM) |
| NICHOLAS FITZGERALD, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>BANCO SANTANDER, S.A.; SANTANDER HOLDINGS USA, INC.; SANTANDER CONSUMER USA, INC. SOVEREIGN BANCORP, INC.; and SOVEREIGN BANK,<br><br>     Defendants. | Civ. No. 11-2769 (WJM) |

**WILLIAM J. MARTINI, U.S.D.J.:**

In both of these putative class actions, Plaintiffs seek to represent classes of persons who allegedly received unsolicited faxes from Defendants in violation of the Telephone Consumer Protection Act[1] (the "TCPA"), 47 U.S.C. § 227.  Presently before

---

[1] On June 25, 2012, Judge Katharine S. Hayden denied the motion to consolidate the two cases before this Court with five other similarly pled civil actions in this district.  In all seven cases, Plaintiffs are represented by the law firm of Bellin & Associates LLC.  The other five cases are: *Landsman & Funk, P.C. v. Skinder-Strauss Assocs.*, Civ. No. 08-3610 (KSH); *Goodrich Mgmt. Corp. v. Flierwire Inc.*, Civ. No. 08-5818 (PGS); *Bais Yaakov of Spring*

the Court are Defendants' motions to deny class certification in these two cases.[2]  (*See Afgo* at ECF No. 45; *Fitzgerald* at ECF No. 45.)    Plaintiffs oppose the motions.  For the reasons that follow, Defendants' motions will be **DENIED**.

## I.  BACKGROUND

Plaintiffs allege the following: that Defendant Afgo Mechanical Services caused unsolicited commercial advertising to be faxed to Plaintiff Goodrich Management Corp.'s office in Englewood Cliffs, New Jersey on October 17, 2007 and on December 23, 2008; that Defendants Banco Santander, S.A., Santander Holdrings USA, Inc., Santander Consumer USA, Inc., Sovereign Bancorp, Inc. and Sovereign Bank caused unsolicited commercial advertising to be faxed to Plaintiff Nicholas Fitzgerald's office in Jersey City, New Jersey on September 28, 2010; and that these faxes were sent in violation of the TCPA.  In both actions, Plaintiffs further assert that Defendants have caused over 10,000 such faxes to be sent to various individuals, and seek to represent putative classes of similarly situated TCPA plaintiffs.

## II. DISCUSSION

### A. The Telephone Consumer Protection Act

Generally speaking, the TCPA prohibits persons and entities from faxing "unsolicited advertisements," *i.e.*, "material advertising the commercial availability or

---

*Valley v. Peterson's Nelnet, LLC*, Civ. No. 11-11 (AET); *Stern v. Alliance Real Estate Group, Inc.*, Civ. No. 11-4285 (DMC); and, *Fitzgerald v. Gann Law Books, Inc.*, Civ. No. 11-4287(FSH).

[2] Based on the similarity of the Plaintiffs' pleadings and the substantive arguments advanced by Defendants in their motions to deny class certification, the Court will decide both motions in this Opinion.  *See In re Hydrogen Peroxide Antitrust Litigation*, 552 F.3d 305, 309 (3d Cir. 2009) ("[t]he trial court . . . possesses broad discretion to control proceedings and frame [class certification] issues").

quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission."  47 U.S.C. § 227(a)(4), (C).   The TCPA gives private parties standing to enforce this prohibition: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State [an action for an injunction or monetary damages]."  47 U.S.C § 227(b)(3).

For purposes of this Opinion, it is sufficient to note that the Supreme Court's recent decisions in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company*, 130 S. Ct. 1431 (2010), and *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), have resulted in a flurry of recent case law discussing the extent to which the "if otherwise permitted by the laws or rules of court of a state" language of TCPA § 227(b)(3) requires a federal court to follow state law, including in the context of TCPA class actions brought in federal court.  *See generally*, *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, Op. 12, Oct. 10, 2012, at Civ. No. 11-cv-11, ECF No. 66.  *See also Landsman & Funk PC v. Skinder-Strauss Associates*, No. 09-3105, 2012 WL 2052685, *1 (3d Cir. Apr. 17, 2012) (remanding, among other cases, *Bais Yaakov*, for resolution of the effect of the language in § 227(b)(3) in light of *Mims* and *Shady Grove*).

**B.  Defendants' Present Motions to Deny Class Certification**

Rule 23 of the Federal Rules of Civil Procedure normally governs whether a suit in federal district court may proceed as a class action.  Fed. Rs. Civ. P. 1, 23.  Plaintiffs have not yet moved for class certification under that rule.  Nonetheless, in both cases,

3

Defendants have preemptively filed motions to deny class certification[3] as a matter of law, based on identical arguments. (*See Afgo* Def.'s Br. i, ECF No. 45-1; *Fitzgerald* Def.'s Br. Table of Contents, ECF No. 45-1.)  In support of their motions, Defendants' make the following legal assertions: <u>first</u>, that federal courts must enforce state law restrictions on bringing TCPA claims; <u>second</u>, that under New Jersey law, private TCPA class actions are prohibited; and <u>third</u>, that because New Jersey law applies to Plaintiffs class claims, denial of class certification is appropriate as a matter of law.  (*Id.*)  In opposition, Plaintiffs assert that Rule 23, rather than any state law, governs class certification determinations of private TCPA actions brought in federal court.  (*See Afgo* Pl.'s Br., ECF No. 48; *Fitzgerald* Pl.'s Br., ECF No. 49.)

Judge Anne E. Thompson recently considered near identical legal arguments in the *Bais Yaakov of Spring Valley v. Peterson's Nelet, LLC.*, Civ. No. 3:11-cv-11 (AET) (Oct. 10, 2012, ECF No. 66).  For substantially the same reasons which are set forth in her thoughtful and well-reasoned opinion, Defendants' present motions will be denied.

## C. *Bais Yaakov of Spring Valley v. Peterson's Nelet, LLC*

Like *Afgo* and *Fitzgerald*, *Bais Yaakov*, "is a putative class action arising out of faxes that [defendant] sent to [plaintiff] and others similarly situated, allegedly in violation of [TCPA]."  (*Bais Yaakov* Oct. 10, 2012 Op. 2.)  And like the two matters

---

[3] Although Defendants have failed to specify the Federal Rule of Civil of Procedure under which they make this motion, their failure to do so has no bearing on the Court's decision.  *See Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) ("[u]nder [Fed. R. Civ. P. 12(f),] 23(c)(1)(A) and 23(d)(1)(D), [district courts have the] authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained").

4

presently before this Court, the defendant in *Bais Yaakov* moved "to dismiss the class action portion of the complaint based on the argument that the unique language of TCPA 227(b)(3) requires, in this instance, compliance with a New York state law [which prohibits a] class action in these circumstances."[4]  (*Id.* at 2.)  And just as the plaintiffs in *Afgo* and *Fitzgerald* are doing presently, the plaintiff in *Bais Yaakov* opposed defendant's motion by arguing that "the plain language of § 227(b)(3) does not require application of state law, and that the recent decisions in *Mims* and *Shady Grove* dictate that Rule 23 alone governs whether this claim may be brought as a class action, making the application of New York law irrelevant."  (*Id.* at 6.)

After careful and thoughtful consideration of the "uncertain legal landscape," *id.* at 2, on this issue, Judge Thompson noted:

> The *Mims* Court opined that Congress likely meant § 227(b)(3) to serve as a permissive grant to states to enforce the statute. On this reading, there is no direct conflict between Rule 23 and state law such as to imply a congressional limitation on Rule 23, because the section at issue applies to a suit brought in state court, not federal. As in other instances where the Supreme Court enforces a federal statutory cause of action, federal law – substantive and procedural – applies.  In light of *Mims*, a case bolstering the previous *Shady Grove* opinion favoring application of Rule 23 in federal court unless specifically barred by Congress, this Court does not believe it appropriate to interpret the text of § 227(b)(3) as requiring a federal court to follow state law.  A growing number of lower courts have also decided likewise.  *See, e.g., Hawk Valley, Inc., v. Taylor*, No. 10-CV-00804, 2012 WL 1079965, \*10 (E.D. Pa. Mar. 30, 2012); *American Copper & Brass, Inc. v. Lake City Indust. Prods.*, No. 1:09-CV-1162, 2012 WL 3027953, \*2 (W.D. Mich. July 24, 2012); *Jackson's Five Star Catering v. Beason*, No. 10-10010, 2012 WL 3205526, \*4 (E.D. Mich. July 26, 2012); *Bank v. Spark Energy*

---

[4] The state law at issue in *Bais Yaakov* was New York Civil Practice Law § 901(b), which provides in relevant part that "Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action."

5

>*Holdings, LLC*, No. 4:11-CV-4082, 2012 WL 4097749, *2-3 (S.D. Tex. Sept 13, 2012); *Bailey v. Domino's Pizza, LLC*, No. 11-4, 2012 WL 1150882, *3 (E.D. La. Apr. 5, 2012).

(*Id* at 11-12.)  Ultimately, Judge Thompson held the language of § 227(b)(3) does *not* to require a federal court to apply state law to a TCPA class action before it, and in fact, that current precedent suggests such application is actually incorrect.  Accordingly, Judge Thompson ruled that the New York state law barring plaintiff's TCPA class claims was inapplicable in *Bais Yaakov*, and thus, that dismissal of those class claims as a matter of law was inappropriate.

### D. Application

Turning to the present motions to deny class certification in *Afgo* and *Fitzgerald*, and in light of the striking similarities between those two cases and *Bais Yaakov*, this Court finds that it is not required to – nor should it – forgo the class certification requirements set forth in Federal Rule of Civil Procedure 23 by instead applying New Jersey class action law to Plaintiffs' TCPA class claims brought in federal court.  Accordingly, the relief sought by Defendants seeking dismissal of Plaintiffs' class claims as a matter of law – which is predicated on this Court first determining that it should apply a state law which purportedly bars class certification of private TCPA actions – will be **DENIED**.

## III.     CONCLUSION

Based on the foregoing, Defendants' motions to deny class certification will be **DENIED**.  An appropriate order follows.

                                                  s/William J. Martini  
                                                 **WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 14, 2012**